IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edwin Benzel, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 0:13-664-RMG |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ORDER |
| Defendant. | ) |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on March 14, 2014, recommending that the decision of the Commissioner be reversed and remanded. (Dkt. No. 17). The Commissioner has advised the Court that she does not intend to file objections to the R & R. (Dkt. No. 19).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the

Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

**Discussion**

The claimant asserts disability since 2003 due to various orthopaedic related impairments, primarily centered on severe spinal cord degeneration and consequential nerve compression. The evidence of record includes opinions of three treating physicians, two of whom concluded Plaintiff is limited to no more than six to ten hours of sedentary work in a work week and the other concluded Plaintiff is disabled from all work. Transcript of Record ("Tr.") 271, 305, 323. For all practical purposes, all of these treating physician opinions essentially conclude that Plaintiff is disabled because a limitation to six to ten hours per week of sedentary work would

render the claimant noncompetitive in the market place. Tr. 95. Moreover, a 2005 Lumbar Spine MRI demonstrates severe degenerative processes in Plaintiff's spine, including "direct compression of the bilateral exiting L5 nerve roots." Tr. 324. There are no competing expert opinions in the record.

In the face of this evidence, the Administrative Law Judge ("ALJ") found that Plaintiff was capable of performing light work. Tr. 67-69. The Magistrate Judge was understandably mystified by this finding since the record contains no evidence to support the conclusion that Plaintiff is capable of light work. Additionally, the Magistrate Judge noted that the ALJ discredited the opinions of Plaintiff's specialist treating physician, Dr. William Lehman, at least in part, on the apparent mistaken belief that his opinions were inconsistent with the opinions of the other two treating physicians. The Magistrate Judge ultimately recommended that the ALJ's decision be reversed and remanded because he had failed to comply with the narrative discussion requirements of SSR 96-8p, 1996 WL 374184 (1996). (Dkt. No. 17 at 9).

The Court finds that the Magistrate Judge ably analyzed the factual and legal issues in this appeal and correctly concluded that the decision of the Commissioner should be reversed and remanded for further action consistent with this opinion. Therefore, the Court adopts the R & R of the Magistrate Judge as the order of this Court. Further, on remand, the ALJ should address and analyze the opinions of all experts under the standards of the Treating Physician Rule, 20 C.F.R. § 404.1527, which provides special consideration and deference to treating, examining, and specialist physicians. The ALJ should also note the clear authority in the Fourth Circuit that medical evidence produced after the claimant's last date insured can be considered retrospectively so long as there is a linkage with the claimant's condition prior to the date last

insured. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 440-41 (4th Cir. 2012).

## Conclusion

Based on the foregoing, the Court hereby reverses the decision of the Commissioner, pursuant to 42 U.S.C. § 405(g), and remands for further action consistent with this order.

AND IT IS SO ORDERED.

                                              Richard Mark Gergel
                                              United States District Judge

March 31, 2014
Charleston, South Carolina